### SAMUEL C. SMILEY, Admr.

*v.*

### JANE SCOTT.

*Opinion filed April 17, 1899.*

INSTRUCTIONS—*instruction having no basis in evidence is properly refused.* An instruction is properly refused which denies the plaintiff's right of recovery in case the jury believe that a certain state of facts exists which there is no evidence tending to establish.

*Smiley* v. *Scott,* 77 Ill. App. 555, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM HARTZELL, Judge, presiding.

G. A. KOERNER, and VICTOR K. KOERNER, for appellant.

HAMILL & BORDERS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In July, 1890, the appellee, a maiden lady then about forty-nine years of age and a niece of the deceased, Rebecca Foreman, was employed by her as housekeeper, nurse and general companion, and for about three years took charge of deceased's house and surroundings, doing all of the labor, as well out of doors as in the house, and cared for and nursed deceased to her entire satisfaction. Deceased was eighty years of age and a widow, residing alone, and was afflicted with rheumatism, deafness, and other ailments incident to old age. For these services deceased paid appellee $3000. At the expiration of about three years, by consent of deceased, appellee went to Colorado to nurse and care for a sick sister-in-law and remained absent about six months, when she returned and resumed the duties she had previously been performing, with such added duties as arose on account of the increased enfeebled condition of deceased, which rendered her wholly incapable of caring for herself and who needed care day and night, and these duties appellee performed to the entire satisfaction of her aunt, for the period of about three years after her return and until the death of Mrs. Foreman, in April, 1897. For these services deceased agreed to give appellee her furnished house in the village of O'Fallon, of the estimated value of from $2000 to $3000. She executed a deed of the premises to appellee but did not deliver it, and the premises were, after deceased's death, sold by her only heir for $1600. Appellee filed her claim for $3000 against the estate of deceased in the probate court of St. Clair county, and after a trial and allowance there the case was appealed by the administrator to the circuit court of the county, where appellee recovered a verdict and judgment for $1500. The cause was then taken to the Appellate Court for the Fourth District, where the judgment below was affirmed, and now the administrator prosecutes this further appeal.

All questions of fact being conclusively settled by the findings of the Appellate Court, the only proposition presented for us to consider is whether or not the following instruction offered on behalf of the defendant, appellant here, was improperly refused:

"The court instructs the jury, that even if you believe, from the evidence, the plaintiff performed the services here sued for, in the hope or expectation of becoming one ·of the beneficiaries under the will of said Rebecca Foreman or of becoming one of the subjects of her bounty in any other way, that fact does not entitle her to recover."

We are satisfied the Appellate Court properly found that there was no evidence in the record upon which this instruction could be based, and that for that reason it was properly refused. On this question the court says: "The pleadings are not in writing, and if any claim of the character mentioned in the instructions was made by counsel in opening the case or in the argument to the jury, counsel for the defendant could, if he conceived his client injured thereby, have easily asked the court to instruct the jury that there was no evidence before them on which a verdict for plaintiff could be predicated on the ground that plaintiff performed the services for deceased in the hope or expectation of becoming a beneficiary under the will of deceased or of becoming the subject of her bounty in any other way. No witness testified to any such thing, but defendant made plaintiff his witness, and proved by her that no such thing was talked of or agreed upon, and that the services were not performed with any such expectations. The instruction was properly refused because there was no evidence on which to base it, and nothing is preserved in the record showing any other reason why it should have been given." We think the Appellate Court committed no error in this ruling.

While it was improper for plaintiff's counsel, in his argument, in the connection in which it was done, to tell

the jury that the county court had given a verdict for plaintiff of $2000, yet we do not think there was such error in the court permitting it as to justify a reversal on that ground.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*